# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CR-12-12-R |
|  | ) | CIV-16-721-R |
| SAMUEL RODRIGUEZ, | ) | |
| Defendant. | ) | |

## ORDER

Pursuant to 28 U.S.C. § 2255(g)(2), the United States Court of Appeals for the Tenth Circuit granted Mr. Rodriguez authorization to file a second or successive motion under 28 U.S.C. § 2255, to permit him to pursue a claim based on *Johnson v. United States*, 135 S.Ct. 2551 (2105). (Doc. No. 66). The basis of the instant § 2255 motion is the enhancement of Mr. Rodriguez's sentence in this criminal case in light of his status as a career offender, because he had "two prior qualifying felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The Court of Appeals authorized the successive motion because the relevant language of the sentencing guidelines defining "crime of violence" included a residual clause identical to that contained in the Armed Career Criminal Act, which provision the Supreme Court declared unconstitutionally vague in *Johnson*. Upon receipt of Defendant's motion, the Court ordered the United States to file a response. In lieu of a response, the United States requested the Court hold the motion in abeyance pending the outcome of a case then pending before the Supreme Court of the United States, *Beckles v. United States*. (Doc. No. 70). The Court granted the

Government's request and Defendant's § 2255 motion has been held in abeyance since that time. On March 6, 2017, the Supreme Court rendered its decision in *Beckles*, 2017 WL 855781 (2017), and as a result, the Court need not delay consideration of the merits of the motion.

In *Johnson*, the prisoner successfully argued his sentence was unconstitutional because it relied on unconstitutionally vague language defining "crime of violence" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B). In *Beckles*, the Supreme Court held that the unconstitutional-vagueness holding of Johnson does not apply to the residual clause in the sentencing guidelines despite identical definitions. Because Defendant herein was designated a career offender under the Guidelines, not the Act, he cannot prevail on his current challenge. Accordingly, the motion is DENIED.

IT IS SO ORDERED this 16th day of March 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE